UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                          CASE NO.:   6:17-bk-01329-KSJ

EAGAN AVENATTI LLP,                             Chapter 11

     Alleged Debtor.

_____/

## CREDITOR, JASON FRANK LAW, PLC'S EMERGENCY MOTION FOR *LIMITED* RELIEF FROM THE AUTOMATIC STAY

### Basis for Requested Emergency Hearing

Creditor, Jason Frank Law, PLC ("JFL") respectfully requests the Court consider this Motion on an emergency basis, on or before Friday, March 10, 2017, as there is currently a plenary Arbitration Hearing scheduled for **March 13–17, 2017** and **March 27-28, 2017** (the "Arbitration Hearing"), before JAMS in Los Angeles, California, between the Alleged Debtor and JFL. The Arbitration Hearing has been scheduled since August 26, 2016. JFL will be irreparably harmed should the Court not grant limited relief from the automatic stay to permit the Arbitration Hearing to proceed as scheduled. JFL has paid the required deposit of over $226,000.00 (the "Deposit") in Arbitration Hearing fees in order to reserve and secure the Arbitration Hearing dates, and, stands to lose the Deposit should the Arbitration Hearing not go forward as scheduled. **Indeed, JFL not only paid its portion of the Deposit ($113,000), but also advanced the Alleged Debtor's portion.** As set forth in the Scheduling Order (as defined below), the Deposit is non-refundable if the Arbitration Hearing is canceled or continued for any reason, and shall, be deemed a cancelation fee and be immediately payable to JAMS. Further, pursuant to the Arbitration rules, the cancelation period for the Arbitration Hearing is 60 days and once the cancelation period lapses, the Deposit is non-refundable.

JFL, by and through undersigned counsel, and pursuant to section 362(d)(1) of Title 11 of the

United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy

Procedure, and Local Rule 4001-1, moves the Court for the entry of an Order granting limited

relief from the automatic stay to permit an arbitration hearing to proceed as scheduled for March

13-17, 2017 and March 27-28, 2017, solely, to allow JFL to liquidate the amount of its claim.

JFL is not seeking stay relief in order to collect on any award rendered in its favor, and should this case still be pending after an award is rendered JFL will only commence collection efforts *after* seeking relief from this Court first.   In support of this Motion, JFL states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  The matter is a core proceeding within the meaning of 28 U.S.C. § 157.

## BACKGROUND

1.      On March 1, 2017, an involuntary petition [ECF No. 1] was filed against Eagan Avenatti (the "Alleged Debtor" or "Eagan Avenatti") under chapter 11 of the Bankruptcy Code, by a single petitioning creditor, Gerald Tobin, with an alleged claim amount of $28,700.00.

2.      On March 2, 2017, a *Summons to Debtor in Involuntary Case* [ECF No. 2] (the "Summons") was issued by the Clerk of the Bankruptcy Court, directing the Alleged Debtor to file a motion or answer to the involuntary petition within 21 days from service of the Summons.

3.      Eagan Avenatti LLP is a litigation law firm based in Newport Beach, California, specializing in high-end contingency cases and plaintiff class actions.  Jason M. Frank ("Frank") was a partner at Eagan Avenatti from February 2009 to May 20, 2016.  During his term of employment with Eagan Avenatti, Frank received compensation pursuant to an Independent Contractor Agreement ("Agreement") between Eagan Avenatti and Frank, through his professional corporation, Jason Frank Law, PLC ("JFL").

4.      Eagan Avenatti has been tremendously successful since Frank joined the firm in 2009, and has collected over $60 million in legal fees in the last four years, including an award of $23.5 million in fees and costs as part of a class action settlement in 2014.   In addition, it is believed that Eagan Avenatti stands to make significant profits in the future, as it is scheduled to

2

begin a trial in a $100 million class action lawsuit on March 28, 2017.

5.      Pursuant to the terms of the Agreement, JFL was entitled to 25% of Eagan Avenatti's profits and 20% of the fees collected on matters that Frank originated, among other compensation.   In addition, at Eagan Avenatti's insistence, the Agreement contains a mandatory arbitration provision before a three-judge panel.   Since the parties have agreed to arbitration, this Court does not have jurisdiction over the dispute between JFL and Eagan Avenatti.

6.      Eagan Avenatti failed to fully pay the profit share bonuses and origination bonuses owed to JFL, among other compensation, and owes JFL in excess of $14 million in contract damages.

## THE ARBITRATION PROCEEDING

7.      In February 2016, Frank filed a demand for arbitration against Eagan Avenatti (the "Arbitration Proceeding") and, after Eagan Avenatti failed to cure its breach, Frank resigned from Eagan Avenatti on May 20, 2016.

8.      Pursuant to paragraph 10(a) of the *Report on Preliminary Hearing and Scheduling Order No. 1* (the "Scheduling Order") entered in the Arbitration Proceeding, a copy of which is attached hereto as **Exhibit "A"**, the Arbitration Hearing is scheduled for March 13-17, 2017 and March 27-28, 2017, and has been scheduled for these dates since August 26, 2016.

9.      Further, as set forth in paragraph 11(b) of the Scheduling Order, the parties were required to deposit fees sufficient to compensate the arbitrators for the Arbitration Hearing in advance of the commencement of the Arbitration Hearing.   Accordingly, the parties (JFL and Eagan Avenatti) were each required to pay an equal share of the Arbitration Hearing fees (the sum of $113,204.75) in order to secure the Arbitration Hearing date.   However, due to Eagan Avenatti's failure to pay its share of the Arbitration Hearing fees, JFL had to pay its share as well

7704899-2

as advance Eagan Avenatti's share (a total of $226,409.50), in order to reserve the Arbitration Hearing dates.

10.    On February 10, 2017, the Panel issued serious sanctions against Eagan Avenatti for its willful violations of the Panel's discovery orders.  The Panel further unanimously found that Eagan Avenatti acted with "malice, oppression and fraud" in failing to produce its tax returns and hiding its full revenue numbers from JFL in violation of the Agreement.  *See Final Order Re: Claimant Motions for Sanctions* dated February 10, 2017 (the "Final Order"), attached hereto as **Exhibit "B"**.  The Panel then permitted JFL to amend its complaint to add a claim for punitive damages against Eagan Avenatti.  *Id* at 3.  The Panel further directed JFL to file proposed Findings of Fact regarding the amount of the profit share bonuses owed under the Agreement, and held that, if acceptable, the Panel would "adopt them prior to the commencement of the plenary Hearing."  *Id.* at 3, 4.  The Panel also held it "would not allow or consider any other evidence at the plenary Hearing" regarding the amount of the profit share bonuses, except for permitting JFL to "seek additional damages. . . if it obtains new evidence of further EA revenue."  *Id.*

11.    On February 17, 2017, JFL filed its *[Proposed] Findings of Fact Pursuant to the Panel's Final Order Re: Claimant's Motions for Sanctions* (the "Proposed Findings of Fact"), which would establish that JFL is entitled to over $14 million in damages based on the financial records produced by Eagan Avenatti.   According to the Panel's Final Order, it is expected the Panel will adopt the Findings of Fact before the Arbitration Hearing scheduled for March 13, 2017.  *See* Exhibit "B", p. 3.

12.    On February 22, 2017, the Panel ordered EA's managing partners and bookkeeper to be deposed by March 3, 2017.  *See Order Re: Jason Frank Motion to Compel Depositions*, a

4

copy of which is attached hereto as **Exhibit "C"**.  The Panel noted that EA has engaged in a "pattern of delay, obfuscation and unresponsiveness" throughout this arbitration.  *Id.* at 1.  The Panel stated that "[i]f any of these individuals fails to appear for deposition by that date, JFL may file a Request for Sanctions on March 6, 2017" to be heard on March 8, 2017.  *Id.*  The Panel further indicated "[i]n deciding whether to impose sanctions, the Panel will evaluate whether the parties acted in good faith to schedule the depositions by March 3rd."  *Id.*

13.    On Tuesday, February 28, 2017**,** one of the depositions was scheduled to go forward, but nobody appeared.  That afternoon, Eagan Avenatti's counsel stated that Eagan Avenatti would make all three of its witnesses available to be deposed on Friday, March 3.  *See* electronic mail string dated February 28, 2017 through March 1, 2017 between Phillip A. Baker and Frank, attached hereto as **Exhibit "D"**.

14.    On Wednesday, March 1, 2017, a single creditor, Gerald Tobin, commenced this involuntary chapter 11 bankruptcy against Eagan Avenatti, based upon the alleged debt of $28,700.00.

15.    On Thursday evening, March 2, 2017, Eagan Avenatti's counsel notified the parties and the Panel that the depositions would not go forward the following day as scheduled in light of this bankruptcy petition.  *See* email dated March 2, 2017 from Phillip A. Baker, attached hereto as **Exhibit "E".**

### RELIEF REQUESTED

16.    By this Motion, JFL requests that the Court grant it limited relief from the automatic stay pursuant to 11 U.S.C. § 362, to permit the Arbitration Hearing to proceed as scheduled on March 13-17, 2017 and March 27-28, 2017, and allow JFL to liquidate the amount of its claim. JFL is **not** seeking relief to commence any collection proceedings against Egan

Avenatti.

17.    JFL will be significantly harmed should the Court not permit the Arbitration Hearing to proceed, as JFL will lose the Deposit (the sum of $226,409.50) paid by JFL pursuant to the Scheduling Order (Exhibit A, ¶ 11(b)). Moreover, there would be significant delay in rescheduling the Arbitration Hearing.

18.    Filed contemporaneously herewith is the *Declaration of Jason M. Frank*, which includes a statement of the indebtedness owed by Eagan Avenatti to JFL, in compliance with Local Rule 4001-1(c)(1)(iii).    JFL has not attached loan documents or evidence of value, as required by Local Rules 4001-1(c)(1)(i) and (ii), as those documents are inapplicable to this matter.

19.    According to the Eleventh Circuit, "[i]n general, bankruptcy courts do not have the discretion to decline to enforce an arbitration agreement relating to a non-core proceeding." *In re Electric Machinery Enterprises, Inc.*, 479 F.3d 791,796-97 (11th Cir. 2007). It is unlikely that the matters raised in the Arbitration are "core proceedings", or if it is a "core proceeding" that permitting the arbitration to proceed would "inherently conflict with the underlying purposes of the Bankruptcy Code." *Id*.    Therefore, the issues between the Alleged Debtor and the JFL will in all likelihood be subject to arbitration.

20.    JFL seeks stay relief pursuant to 11 U.S.C. § 362(d)(1) for "cause," a term not defined in the Bankruptcy Code.    Courts consider the existence or non-existence of "cause" based on the totality of the circumstances in a given case. *See, e.g., In re Abrass*, 268 B.R. 665, 687 (Bankr. M.D. Fla. 2001).    JFL submits that "cause" exists here given the irreparable harm that will be caused to JFL by the loss of the Deposit should the Arbitration Hearing not proceed as scheduled on March 13-17, 2017 and March 27-28, 2017.    Moreover, there is no harm

whatsoever to the Alleged Debtor. Unlike, most cases the Alleged Debtor in this case did not seek bankruptcy protection, rather a single creditor commenced this case. The Alleged Debtor agreed to the Arbitration Hearing dates. Lastly, the Arbitration will have to proceed at some point, as the contract between the Alleged Debtor and JFL requires arbitration to resolve this dispute. *See In re Capote*, 2012 WL 1597375 (Bankr. S.D. Fla. May 7, 2012)(Granting staying relief to "proceed through judgment" in a state court action.).   Accordingly, staying the long scheduled Arbitration will only further increase the parties' costs and delay the liquidation of the JFL claim.

21.    This bankruptcy proceeding was commenced by a single creditor allegedly holding a $28,700 debt. It was commenced against a California law firm, facing severe sanctions in an Arbitration that could result in an award of over $14 million.  It is telling that the Alleged Debtor did not seek bankruptcy protection itself. Indeed, given the sanctions the Alleged Debtor is facing, it is possible that the bankruptcy proceeding was commenced solely to stay the Arbitration Hearing from proceeding as scheduled.   JFL will lose the $226,000 deposit if the Arbitration Hearing is not permitted to proceed as scheduled on March 13-17, 2017 and March 27-28, 2017, based upon the JAMS Comprehensive Arbitration Rules and Procedures (*See* Exhibit "C", p. 2) and the Scheduling Order.

**WHEREFORE**, for the reasons set forth above, JFL respectfully requests the Court to enter an Order:

(a)    granting this Motion.

(b)    lifting the automatic stay provisions of section 362(a) of the Bankruptcy Code, to permit the Arbitration Hearing to proceed forward as scheduled for March 13-17, 2017 and March 27-28, 2017 solely through to judgment,; and

7

(c)    granting such other and further relief as the Court deems just and proper.

Dated:  March 6, 2017                         Respectfully submitted,

                                              BERGER SINGERMAN LLP
                                              Attorneys for JFL
                                              1450 Brickell Avenue, Suite 1900
                                              Miami, FL 33131
                                              Tel. (305) 755-9500
                                              Fax (305) 714-4340

                                              By: /s/   *Isaac M. Marcushamer*
                                                     Ilyse M. Homer
                                                     Florida Bar No.
                                                     Ihomer@bergersingerman.com
                                                     Isaac M. Marcushamer
                                                     Florida Bar No.
                                                     Imarcushamer@bergersingerman.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List; first class, U.S. Mail upon all creditors and interested parties on the attached Court Matrix; and upon all parties on the attached Service List in the manner indicated thereon, on this 6th day of March, 2017.

                              By: /s/   *Isaac M. Marcushamer*
                                     Isaac M. Marcushamer

7704899-2

## **CM/ECF SERVICE LIST**

- United States Trustee - ORL    USTP.Region21.OR.ECF@usdoj.gov

**SERVICE LIST**

**Served via electronic transmission, facsimile transmission and First Class, U.S. Mail**

Phillip A. Baker, Esq.
Baker Keener & Nahra LLP
633 W. 5th Street, Suite 4900
Los Angeles, CA 90071-2005
pbaker@bknlawyers.com
Facsimile:  213 241-0990

**Served via electronic transmission, facsimile transmission and First Class, U.S. Mail**

Eagan Avenatti LLP, Alleged Debtor
Attn.:  Michael J. Avenatti, Esq./Managing Partner
520 Newport Center Dr., Ste. 1400
Newport Beach, CA 92660
mavenatti@eaganavenatti.com
Facsimile:  949 706-7050

**Served via electronic transmission and First Class, U.S. Mail**

Gerald J. Tobin
4551 Ponce de Leon Boulevard
Coral Gables, FL 33146-1832
Geraldtobinpa@aol.com

7704899-2

```
Label Matrix for local noticing        Eagan Avenatti LLP                     Florida Dept of Revenue
113A-6                                  520 Newport Center Drive #1400        P.O. Box 6668
Case 6:17-bk-01329-KSJ                  New Port Beach, CA 92660-7034         Tallahassee, FL 32314-6668
Middle District of Florida
Orlando
Mon Mar  6 13:42:51 EST 2017

IRS                                     Internal Revenue Service              United States Trustee - ORL
Centralized Insolvency Operations       Post Office Box 7346                  Office of the United States Trustee
P.O. Box 7346                           Philadelphia PA 19101-7346            George C Young Federal Building
Philadelphia, PA 19101-7346                                                   400 West Washington Street, Suite 1100
                                                                              Orlando, FL 32801-2210

Gerald Tobin                            End of Label Matrix
2014 Edgewater Drive #169               Mailable recipients      6
Orlando, FL 32804-5312                  Bypassed recipients      0
                                        Total                    6
```