# EXHIBIT "B"

**JAMS ARBITRATION**
**Reference No. 1220053114**

**Jason Frank Law, PLC,**
          **Claimant and Cross-Respondent,**

                    **v.**

**Eagan Avenatti, LLP,**
          **Respondent and Cross-Claimant.**

_____

## FINAL ORDER RE: CLAIMANT MOTIONS FOR SANCTIONS

This Order enforces and finalizes the Panel's January 30, 2017 Order Re: Claimant Motions for Sanctions ("Jan. 30th Order").

Claimant Jason Frank Law, PLC ("JFL") has filed two Motions to sanction Respondent Eagan Avenatti LLP ("EA"). The first seeks discovery sanctions for EA's repeated failure to comply with Panel Orders to respond to certain JFL discovery. The second seeks to preclude EA from offering evidence of its affirmative counterclaims because it has failed to deposit its share of the fees and expenses for the arbitration. EA opposed each Motion. It argued against the discovery sanctions on the ground that it has produced substantial responses. It opposed the preclusion of its affirmative evidence on the ground that such relief is premature.

The full Panel reviewed each Motion, participated in the telephonic hearing of the Motions, conferred before and after the hearing of the Motions and approved the Jan. 30th Order. In summary, the Jan. 30th Order stated:

- "The Panel will enter an Order pursuant to JAMS Rule 31(b) precluding EA from offering evidence of any affirmative claim unless it pays its share of all outstanding fees by February 3, 2017. If EA does not pay in full its share of all outstanding fees by February 3rd, it shall be precluded from offering evidence of any affirmative claim at the Hearing, whether as pled in its counterclaims or in the guise of a defense."
- "EA is ordered to produce all previously ordered discovery responses by February 3, 2017. If EA does not do so, the Panel . . . will impose issue sanctions for each category of identified non-compliance, reserving the most severe issue sanction for EA's failure to abide Panel Orders regarding its tax returns."

On February 6, 2017, EA served on JFL its purported production to comply with the Jan. 30th Order. As requested by the Panel, JFL submitted on February 7, 2017 a Letter Brief Re: Notice of Non-Compliance ("Letter Brief").

The full Panel has reviewed JFL's Letter Brief and conferred regarding the finalization of

the Jan. 30th Order.  This Final Order is approved in full by each member of the Panel.

JAMS RULE 31(B) SANCTION

JAMS Comprehensive Arbitration Rules and Procedures ("JAMS Rules"), Rule 31(b) provides that "JAMS requires that the Parties deposit the fees and expenses for the Arbitration from time to time during the course of the proceedings and prior to the Hearing.  The Arbitrator (or Panel) may preclude a Party that has failed to deposit its *pro rata* . . . share of the fees and expenses from offering evidence or any affirmative claim at the (plenary) Hearing."  Scheduling Order ("Sch O") No. 1, §11(b) states that "(t)he parties will be requested to deposit fees sufficient to compensate the arbitrator for the scheduled hearing in advance of the commencement of the hearing."  Sch O No. 1, §10(a) set the plenary Hearing to commence March 13, 2017 and stated that "The cancellation period for the Hearing is 60 days or more prior to the Hearing.  Once the cancellation period lapses, Arbitration hearing fees are not refundable."

Fees for the plenary Hearing were due January 12, 2017.  JFL paid its share.  EA did not.  In order to keep the Hearing on calendar, JFL advanced EA's fees in the amount of $113,204.75.  JFL also advanced EA's share of initial fees so that a Preliminary Arbitration Management Conference could be held.

EA did not pay its share – or any amount – of JAMS fees by February 3, 2017, or by the issuance of this Order.  Therefore, the Panel will enforce the Jan 30th Order by precluding EA from offering evidence of any affirmative claim at the Hearing, whether as pled in its counterclaims or in the guise of a defense.

DISCOVERY SANCTIONS

JFL seeks sanctions against EA for multiple failures to comply with prior Panel Orders.  On October 27, 2016, the Panel ordered EA to produce responses to JFL's Requests for Documents.  EA partially responded to two of 17 requests.  It has failed to produce tax returns; monthly bank statements; revenue accounting records; wires, checks or invoices for expenses over $25,000; communications between Michael Avenatti and JFL, Michael Eagan and JFL, Judy Regnier and JFL and EA and any third party regarding the EA-JFL Agreement ("Agreement"); communications between EA and Eagan regarding its revenue, expenses or profits; Jason Frank's old cellphone; EA's communications with Frank after his resignation; and documents EA contends support its defenses and counterclaims.

Tax Returns

On October 27, 2016, the Panel ordered EA by November 10, 2016 to produce copies of its federal tax returns for 2013, 2014 and 2015 and its Schedule K-1s for those years.  EA did not produce produce the returns claiming that neither it nor its accountant had copies of the returns.  On November 30, 2016, the Panel expressed that EA's response "stretches the bounds of credibility."  It ordered EA by December 1, 2016 to request from the Internal Revenue Service a "Record of Account Transcripts" and warned that if EA failed to comply it would consider "all permissible sanctions."  EA EA evaded the clear mandate of the Order by having its attorney sign and file a Request for Transcript

of Tax Return, not the Record of Account Transcripts.  Not only was this a different form than the one one the Panel ordered EA to file, it was not signed by an authorized agent of EA.  Compounding the violation of the Panel Order, EA provided no authorization to release the Transcript to its counsel.  Of Of course, the IRS quickly responded with a Third Party Rejection Notice that it could not release the returns to a third party.  EA took no further steps, even belatedly, to comply with the Panel's Orders, including the obvious step of directing its counsel to resubmit the Record of Account Transcripts with a signed authorization by EA, until February 3, 2017.  In other words, EA sat on its hands in a transparent effort to delay the inevitable as long as possible.

According to JFL's Letter Brief, on February 3, 2017, EA purportedly mailed to the IRS a request for its tax returns, which it signed.  However, EA provided no proof of service for the mailing. Also according to JFL, EA faxed the request to the IRS on February 6, 2017.

In its November 30th Order, the Panel ordered EA to make this request by December 1st. Clearly, EA has not complied.  There can be no other conclusion than that EA violated the Order and, that, at a minimum, it intentionally and knowingly violated the obvious spirit of the Order.[1]

JFL requests imposition of the following issue sanctions for EA's consistent failure to comply with its contractual, discovery and Panel-ordered obligations to produce its tax returns:
- The Panel issue a Partial Final Award that JFL's 2013, 2014 and 2015 Profit Share Bonuses be based on EA's revenue as set forth in EA's responses to Interrogatories Nos. 1, 3 and 5, minus expenses produced before January 6, 2017.  JFL may seek more damages at the plenary Hearing if it obtains evidence of further EA revenue.
- Find that EA breached §5 of the Agreement by failing to provide the tax returns to JFL.
- Permit JFL to amend its Prayer to add a claim for punitive damages and find that EA acted with malice, oppression and fraud.

While the Panel believes JFL's request for these sanctions is reasonable, it prefers to impose issue and evidentiary sanctions rather than to issue a Partial Final Award at this time. Therefore, the Panel directs JFL to prepare Proposed Findings of Fact ("Proposed Findings") based on its proposed formula for calculating JFL's 2013, 2014 and 2015 Profit Share Bonuses and that EA breached §5 of the Agreement by failing to provide the tax returns to JFL.  The Panel will review the Proposed Findings and, if acceptable, will adopt them prior to the commencement of the plenary Hearing.  Except for permitting JFL to seek additional damages regarding its entitlement to Profit Share Bonuses if it obtains new evidence of further EA revenue, the Panel will not allow or consider any other evidence at the plenary Hearing on the amount of 2013, 2014 and 2015 Profit Share Bonuses to which JFL is entitled and on whether EA breached §5 of the Agreement.  Finally, the Panel will permit JFL to amend its Prayer to add a claim for punitive damages and find that EA acted with malice, oppression and fraud in connection with its failure to produce its tax returns.

---

[1] During oral argument at the January 26, 2017 hearing of JFL's Motion for Sanctions, EA's counsel expressed confusion about what the Panel ordered EA to do in its October 27th and November 30th Orders.  The Panel reiterated and ordered what had always been clear:  produce the tax returns.

Bank Statements

According to JFL's Letter Brief, on February 6th, EA produced bank statements for the period January 2013 – May 2016, but not for the remainder of 2016. Furthermore, despite no "Redaction" marking, the produced bank statements contained extensive blank spaces, which JFL contends purposefully hid revenue as well as opening and closing balances. Based on unredacted information in the statements, JFL calculated that EA redacted 73 deposits or credits in 2013 alone.

The Panel ordered on January 18, 2017 that EA produce "complete" bank statements for 2013-2016. It has not complied.

JFL requests these issue sanctions against EA for failing to produce complete bank statements:
- Issue a Partial Final Award making the same findings regarding calculation of JFL's Profit Share Bonus for 2013, 2014 and 2015 as it requests for EA's failure to produce its tax returns.
- EA cannot contest JFL's allegation that EA used amounts it owed JFL to pay for resources employed on JFL's cases.
- The Panel permit JFL to amend its prayer for relief to add a claim for punitive damages and find that EA acted with malice, fraud and oppression by hiding its revenue numbers.
- In calculating JFL's 2016 Profit Share Bonus, for each month EA has not produced revenue numbers, that the Bonus calculation use EA's average monthly revenue for the period January 2013-May 2016.

The Panel reiterates its above Order that JFL prepare Proposed Findings regarding not only the calculation of JFL's Profit Share Bonus for 2013, 2014 and 2015, but also to calculate the Bonus for the period June 2016 – December 2016 and to preclude EA from contesting JFL's allegation that EA used amounts it owed JFL to pay for resources employed on JFL's cases. In addition, the Panel will permit to JFL to amend its Prayer for relief to seek punitive damages and further find that that EA acted with malice, fraud and oppression by hiding its revenue numbers.

Emails and Other Information

JFL's Letter Brief states that EA did not produce any remaining documents or information ordered by the Panel on January 30th:
- Emails regarding performance of Agreement, including to and from Avenatti and Eagan
- Emails to and from Eagan regarding EA's revenue, profits and expenses
- EA emails with JFL after his resignation
- Documents and emails regarding the drafting and negotiation of the Agreement
- Jason Frank's old cellphone
- Back up documentation for EA expenses in excess of $25,000 including amounts Avenatti claims were paid to him as origination fees rather than profit distributions

JFL requests an evidentiary sanction that EA be precluded from offering into evidence any document in its possession, custody or control not produced prior to January 6, 2017, including JFL documents, unless JFL introduces the document first. The Panel imposes this evidentiary sanction.

Wires re *Loftin* Fees

On October 27, 2016, the Panel specifically ordered EA to produce bank statements and wires by November 10th regarding the date when *Loftin* Legal Fees transferred from its client trust account to its operating account. EA has not produced these documents. EA orally committed to fully comply with this Order by February 3rd.

According to JFL, EA did not produce the bank statements and wires. Accordingly, JFL asks that the Panel impose an issue sanction finding that the legal fees were collected in 2014, not 2013. The Panel imposes this issue sanction.

Interrogatories

On December 20, 2016, the Panel ordered EA to produce further responses to JFL's Interrogatories by January 6, 2017. EA failed to meet that deadline, but did provide some further responses on January 10, 2017.

According to JFL's Letter Brief, EA provided no further response to Interrogatory No. 9 regarding the calculation of "net attorneys' fees" in the *Eden* class action and related lawsuits. JFL requests an issue sanction that in calculating the *Eden* Bonus, "net attorneys' fees" shall be the total amount awarded by the trial court in the class action plus revenue collected in individual *Eden* related cases minus costs identified in EA's application for attorneys' fees and costs in the class action. The Panel will impose this issue sanction.

Also, JFL's Letter Brief states that EA provided no further responses to the following interrogatories:

- No. 7.  Identify full amount of 2016 revenue
- Nos. 10 & 11.  Total "JFL Origination Fees" in 2016
- No. 13.  Information regarding "Origination Fees" collected by Avenatti
- No. 14.  Identify case names for "Referral Fees" or "Fees Paid to Outside Counsel"

The Panel directs JFL to prepare Proposed Findings corresponding to EA's failure to further respond to these interrogatories.

Defenses and Counterclaims

According to JFL's Letter Brief, EA produced no documents or information regarding its defenses or counterclaims. The Panel is ordering that EA may not present any evidence on its counterclaims, so there is no need to address its non-production regarding those counterclaims. Separately, JFL requests that EA be precluded from asserting any defenses for which it has refused to produce supporting evidence. The Panel will impose this issue sanction.

CONCLUSION

Except for its request for issuance of a Partial Final Award, which is premature, JFL's requested sanctions are reasonable and appropriately responsive to the magnitude of EA's non-compliance with Panel Orders. JFL is directed to submit to the Panel specific Proposed Findings which the Panel will conclusively adopt at the plenary Hearing.

Dated:        February 10, 2017          _____

Judge Terry Friedman (Ret.)
Chair, Arbitration Panel