# **EXHIBIT "C"**

JAMS ARBITRATION
Reference No. 1220053114

Jason Frank Law, PLC,
    Claimant and Cross-Respondent,

v.

Eagan Avenatti, LLP,
    Respondent and Cross-Claimant.

---

### ORDER RE: JASON FRANK MOTION TO COMPEL DEPOSITIONS

On February 14, 2017, Claimant and Cross-Respondent Jason Frank Law, PLC's ("JFL") requested an order and issuance of subpoenas that Michael Eagan, Michael Avenatti and Judy Regnier appear for deposition. JAMS immediately made efforts to schedule a telephonic hearing regarding the Motion. On February 15, 2017, Respondent and Cross-Claimant Eagan Avenatti, LLP ("EA") stated that it anticipated filing responsive papers by February 20, 2017 and requested a hearing. EA filed its Opposition to the Motion on February 21, 2017 at 4:37pm. The Panel has read and considered JFL's Motion and EA's Opposition.

Eagan is one of two equity partners of Respondent and Cross-Claimant Eagan Avenatti, LLP ("EA"), Avenatti is EA managing partner and Regnier is EA office manager. EA opposes the Request on the grounds that the parties had been in discussions regarding proposed dates for the depositions and the request seeks improper non-party discovery.

On December 20, 2017, the Panel issued an Order that, among other things, ordered the parties to meet and confer to determine the sequence and scheduling of these depositions along with EA depositions of Jason Frank, Scott Sims and Andrew Stolper. The Panel expressly ordered that "If the parties are unable to agree on sequencing, the depositions shall be taken in alternating order, beginning with EA taking the first deposition, JFL taking the second, and so on to the sixth deposition."

The Panel has reviewed the meet and confer correspondence between counsel for the parties. It reveals the same pattern of delay, obfuscation and unresponsiveness by EA that has characterized its conduct throughout this arbitration. As the Panel ordered on December 20th, JFL is entitled to take the depositions of these three EA-affiliated individuals. JFL requests that Regnier appear on February 23, 2017, Eagan appear on February 24, 2017 and Avenatti appear on March 1, 2017. The Panel orders that Avenatti, Eagan and Regnier each appear for deposition no later than March 3, 2017. If any of these individuals fails to appear for deposition by that date, JFL may file a Request for Sanctions on March 6, 2017. If JFL files such a Request, EA shall file a Response by March 7, 2017. In deciding whether to impose sanctions, the Panel will evaluate whether the parties acted in good faith to schedule the depositions by March 3rd. JAMS shall reserve March 8, 2017 at 5:30pm for a telephonic hearing of the Request.

JFL also asserts that EA's depositions of Sims and Stolper are now moot because on February 10, 2017 the Panel ordered that EA is precluded from offering evidence of any affirmative claim at the plenary hearing, whether as pled in its counterclaims or in the guise of a defense. EA contends that Sims and Stolper's testimony is still relevant to its defense of JFL's claims. EA is entitled to depose Sims and Stolper only on subjects other than EA's affirmative claims, whether pled in its counterclaims or in the guise of a defense. However, due to EA's failure to meet and confer in good faith, the Panel no longer insists on the alternating order of depositions. Rather, the Panel orders JFL to make Sims and Stolper available for deposition at a time mutually convenient to them and the parties.

Finally, JFL requests that if Avenatti, Eagan or Regnier fail to appear for deposition as ordered, that the Panel impose $10,000 sanctions personally on the non-appearing individual, not to be paid by EA, and further prohibit EA from offering any evidence at the plenary hearing and deem all JFL claims to be established. As stated above, the Panel will not impose sanctions at this time, but will consider a Request for Sanctions if any of these individuals does not appear for deposition by March 3rd.

The full Panel joins in granting JFL's Motion as set forth above.

At 8:28am on February 22, 2017, JAMS gave written notice of setting a telephonic hearing of this Motion at 5:00pm on February 22nd. The Panel issued a Tentative Ruling granting JFL's Motion at 9:13am. At 12:47pm, counsel for EA objected to "the unilateral setting of the hearing for 5:00 today. Counsel for Respondent is unavailable at this time." The undersigned Chair called the telephonic hearing to order at 5:10pm, asked JAMS operator Brandy Brily to remain on the line and requested appearances. Eric George, Esq. and Benjamin Scheibe, Esq., appeared for Claimant, who also appeared. Counsel for EA did not appear. The Chair then announced that before the hearing, he had conferred with Panelist Judge Judith Ryan (Ret.) and together they agreed that the Chair would not conduct the hearing in the absence of EA's counsel. Instead, the Panel would issue an Order on the Motion. This is that Order.

Dated:     February 22, 2017

_____
Judge Terry Friedman (Ret.)
Chair, Arbitration Panel