UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                                                  CASE NO.:   6:17-bk-01329-KSJ

EAGAN AVENATTI LLP,                                                 Chapter 11

    Alleged Debtor.
_____/

**CERTIFICATION OF NECESSITY OF
REQUEST FOR EMERGENCY HEARING**

**I HEREBY CERTIFY**, as a member of the Bar of the Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request a consideration of the matter on an emergency basis:

**CREDITOR, JASON FRANK LAW, PLC'S EMERGENCY
MOTION FOR *LIMITED* RELIEF FROM THE AUTOMATIC STAY**

**I CERTIFY FURTHER** that there is a true necessity for an emergency hearing, specifically, because Creditor, Jason Frank Law, PLC ("JFL") requires a hearing on or before Friday, March 10, 2017, as there is currently a plenary Arbitration Hearing scheduled for **March 13–17, 2017** and March 27-28, 2017 (the "Arbitration Hearing"), before JAMS in Los Angeles, California, between the Alleged Debtor and JFL. The Arbitration Hearing has been scheduled since August 26, 2016. JFL will be irreparably harmed should the Court not grant limited relief from the automatic stay to permit the Arbitration Hearing to proceed as scheduled. JFL has paid the required deposit of in excess of $226,000.00 (the "Deposit") in Arbitration Hearing fees in order to reserve and secure the Arbitration Hearing dates, and, stands to lose some, if not all, of the Deposit should the Arbitration Hearing not go forward as scheduled. **Indeed, JFL not only paid its portion of the Deposit ($113,000), but also advanced the Alleged Debtor's portion.** As set forth in the Scheduling Order (as defined in the Motion), the Deposit is **non-refundable** if the Arbitration Hearing is canceled or continued for any reason, and shall be deemed a cancelation fee and be immediately payable to JAMS. Further, pursuant to the Arbitration rules, the cancelation period for the Arbitration Hearing is 60 days and once the cancelation period lapses, the Deposit is non-refundable.

    Accordingly, JFL respectfully requests the Court consider the Limited Stay Relief Motion on or before March 10, 2017

7706988-1

**I CERTIFY FURTHER** that the necessity of this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client.  I further certify that the motion is filed with full understanding of Fed. R. Bankr. P. 9011 and the consequences of noncompliance with same.

Dated:  March 6, 2017

Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for JFL*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340

By: /s/   *Isaac M. Marcushamer*
      Ilyse M. Homer
      Florida Bar No.  826316
      Ihomer@bergersingerman.com
      Isaac M. Marcushamer
      Florida Bar No.  60373
      Imarcushamer@bergersingerman.com