UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

EAGAN AVENATTI, LLP                    CASE NO.: 6:17-bk-01329-KSJ

Debtor.                                Chapter 11

_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

EAGAN AVENATTI, LLP, ("EA" or "Debtor") through its undersigned proposed counsel and in compliance with Local Rule 2081-1, hereby files this Chapter 11 Case Management Summary.

**1.    Description of the Debtor's business.**

EA focuses on complex class action and tort litigation in state and federal venues throughout the United States, including Florida. EA was co-founded by Michael Avenatti, its now Managing Partner, in 2007. Following Mr. Avenatti's undergraduate education at the University of Pennsylvania, and while in law school at George Washington University, Mr. Avenatti served as a public relations consultant and strategist to litigants and political candidates on a national level. Mr. Avenatti graduated first in his class at George Washington and he presently serves on the law school's Board of Advisors. In 2002, the university established The Michael J. Avenatti Award for Excellence in Pre-Trial and Trial Advocacy, an award given annually to a member of the graduating JD class for demonstrating excellence in pre-trial and trial advocacy courses. In 2007, Mr. Avenatti was selected by the Daily Journal Corporation as one of California's top trial lawyers under 40. In 2009, he was voted by his peers in Southern California as the top trial lawyer of the year. In 2013, Mr. Avenatti was selected by his peers for

inclusion in the 2013 edition of The Best Lawyers in America. He routinely receives similar acknowledgements from other "ratings" publications.

The firm has been involved in numerous significant and high-profile legal matters throughout the last ten years. EA's cases are routinely featured in the national and international press, including on national news networks (i.e. CNN) and news magazine shows (i.e. 60 Minutes), as well as in the *New York Times*, *Los Angeles Times*, and *Wall Street Journal*. The firm's most recent appearance on *60 Minutes* was less than one year ago in connection with a large case brought on behalf of healthcare workers harmed by a company's faulty products. Since formation, EA has been responsible for securing over $400 million in verdicts and settlements on behalf of its clients as lead counsel. . The firm appears in cases across the country and has pending cases in numerous states including Florida.

In addition to Mr. Avenatti, EA employees a highly qualified staff of nine [9] and seven [7] other accomplished attorneys, many of whom graduated from extremely well respected law schools, and have considerable experience in large, nationally recognized law firms, as well with federal clerkships.

2. **Locations of the Debtor's operations and whether leased or owned.**

EA's office is located at 520 Newport Center Drive, Suite 1400, Newport Beach, California 92660. EA leases its premises from the Irvine Company, and EA is current in its lease payments. Standard utilities are included with EA's lease payments.

3. **Reasons for filing Chapter 11.**

On March 1, 2017 ("Involuntary Petition Date"), an involuntary Chapter 11 petition (Doc. No. 1) was commenced against EA by Gerald Tobin ("Tobin" or "Petitioning Creditor") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the

2

610480927.1

"Court"). Tobin is a private investigator who performed services requested by EA. Tobin has an unsecured claim against EA in the approximate amount of $28,000 and is believed to reside in the Orlando area.

Five days after the Involuntary Petition Date, on March 6, 2017, Jason Frank Law, PLC filed an Emergency Motion for Limited Relief from the Automatic Stay (Doc. No. 3) ("Stay Motion") and a hearing was quickly set on March 8, 2017. In the Stay Motion, JFL sought leave to arbitrate a dispute concerning a now former, *non-equity* partner of EA, Jason Frank. That dispute centers on the following facts.

In May of 2016, Mr. Frank and two other attorneys - Scott Sims and Andrew Stolper - were terminated from EA due to their breaches of fiduciary duty and underhanded dealings in attempting to secretly establish a competing law firm for months while at the same time receiving significant compensation from EA. On Friday, May 20, 2016, at approximately 11:00 a.m., EA's management discovered by pure happenstance[1] that the three attorneys had been spending, since at least March (later discovered to be February), considerable time and effort during working hours and while employed at EA forming a competing law firm and plotting to take cases of EA's with them in the months to follow. The three attorneys did so at the same time they were being highly compensated by EA and while purposely taking steps to hide their activities from the firm, including through the use of personal e-mail accounts and fabricated firm names. Within two hours of this discovery by EA, the three attorneys were locked out of EA's offices and computer systems. For instance, Mr. Sims was told to immediately pack his

---

[1] Mr. Frank was having problems with his firm issued cell phone and asked the firm's Office Manager to assist with resolving the problems. When she attempted to do so, she discovered that Mr. Frank had inadvertently left an email open on his phone from a non-firm email address showing communications with Messrs. Sims and Stolper months prior (in *March*) concerning the creation of a website for a new competing law firm they were planning to open.

personal belongings and leave. He was subsequently physically escorted out of the firm's offices. Following their termination, the three attorneys quickly formed a new firm - Frank Sims Stolper, LLP ("FSS"). They then proceeded to convince various EA clients to leave EA and install FSS as their counsel, despite the fact that in many instances their cases were on the verge of settling (after EA had devoted years of effort and resources litigating on their behalf).

At the conclusion of the hearing on the Stay Motion, this Court accelerated the timeline for EA to determine whether or not it would consent to a Chapter 11 order for relief. EA quickly evaluated its assets, liabilities, and the expenses associated with discovery, depositions, and a full seven day JAMS Arbitration hearing scheduled to begin on March 13. The firm also evaluated Mr. Frank's insatiable demands in the arbitration, including his claims for millions of dollars in bonus payments, and, rather incredibly, a demand by Mr. Frank for salary and the costs of healthcare benefits all the way through December 2016, *a full six months after he (i) was discovered to be establishing a direct competitor of EA and (ii) formed that new competing firm following his termination.* In addition, JFL sought a declaratory order that JFL was entitled to a full twenty percent [20%] of any revenue associated with numerous pending cases and a declaratory order that EA was not entitled to <u>any</u> fees in *quantum meruit* for *the years* of substantial time and extensive resources and expenses EA had devoted to the cases and clients Mr. Frank took from the firm after his scheme was discovered and he was terminated.[2] Indeed, in connection with those matters, EA has filed numerous liens, claims and actions (as required)

---

[2] In essence, what Mr. Frank attempted was to have the arbitration panel issue a far-reaching, blanket decision that EA would get no fees from any of the cases Mr. Frank took from the firm, thus undercutting EA's ability to have its share determined on a case-by-case basis as required (and as EA is pursuing in individual forums). He also sought to have this decision made without disclosing the actual amount of fees at issue (i.e. millions of dollars). Indeed, Mr. Frank has refused to share details relating to settlements in a number of cases at issue, thus leaving EA in the dark as to amount of fees to which it may be entitled.

in order to protect its rights to substantial fees in those cases, some of which are expected to be worth millions. Pre-petition, EA was aggressively pursuing those fees, which are the property of EA's Chapter 11 estate, on a case-by-case basis in a number of different forums.

The bulk of EA's business focuses on litigation of complex contingency and class action lawsuits. By their nature, these cases do not pay out until litigation is concluded or settled, which often takes several years, during which time EA routinely invests millions of dollars in investigating claims, conducting discovery, hiring experts and preparing for trial.[3] Because of this, EA has outstanding obligations to trade and other creditors who have assisted EA in getting cases ready for trial. On the Involuntary Petition Date, EA had approximately $20 million in outstanding obligations, a portion of which is owed as a result of this work. Mr. Frank, however, wants to leave EA and its creditors on the hook for these substantial sunk costs while whisking substantial EA revenues away to his new firm, which, in turn, would substantially jeopardize and impair EA's ability to service debt and meet other ongoing obligations, including its possible obligations to certain governmental creditors. As such, on March 10, EA filed an Answer and Consent to Entry of Order for Relief (Doc. No. 10).

4. **List of officers, directors and insiders (including relatives of insiders), if applicable, and their salaries and benefits at the time of filing and during the one year prior to filing**

Michael Avenatti is EA's Managing Partner and serves as the firm's sole executive officer. In 2015, Mr. Avenatti's compensation was approximately $1,000,000. In 2016, Mr. Avenatti's compensation was approximately $850,000. Mr. Avenatti also receives healthcare benefits consistent with the other employees at the firm.

---

[3] After EA's former attorneys were terminated, EA learned that the former attorneys had been endeavoring to settle certain matters immediately after their planned departure from EA in order to take the full settlement proceeds into their new firm to the detriment of EA and its creditors.

5.  **The Debtor's annual gross revenues.**

In 2015, EA estimates its annual gross revenue was $6.5 million. In 2016, EA estimates its annual gross revenue to have been $7.7 million. The 2015 and 2016 figures are estimated, in part, because accounting adjustments may be made, and, in part, because the entitlement to certain revenues is in question as a result of the departure of the three former EA attorneys and the disputes over, among other things, entitlement to revenues.

6.  **Amounts owed to various creditors, including current year to date and prior fiscal year.**

   (i)  **priority creditors such as governmental creditors for taxes**

   EA believes two creditors assert priority claims— the federal government and the State of California. EA disputes these claims, and intends to work with the state and federal government to arrive at an agreement upon any actual amounts owing and to satisfy any such agreed obligations in a Chapter 11 plan.

   (ii) **secured creditors and their respective collateral**

   EA believes it has no more than two or three creditors claiming to have liens secured by potential proceeds of certain class action cases. EA is in the process of investigating whether any such liens exist.

   (iii) **unsecured creditors**

   EA has approximately thirty [30] creditors with unsecured claims, some of which are disputed. Among those creditors is Mr. Frank, whose claims EA obviously disputes and also seeks a set-off.

7. **General description and approximate value of the Debtor's current and fixed assets.**

EA's primary asset is its anticipated recoveries from pending class action and contingency litigation, which EA presently values at approximately $45 million. EA also has office furnishings and equipment which it estimates as being worth between $100,000 and $150,000.

8. **Number of employees and gross amounts of wages owed as of petition date.**

EA has sixteen [16] employees, seven [7] of whom are attorneys and nine [9] of whom are paraprofessionals and staff. EA's employees are paid twice each month, on the 15th and on the last day of the month. Each payroll is approximately $88,300, including taxes, although the amount can vary due, for example, to overtime. On the Involuntary Petition Date (March 1), EA was current in all payments to its employees, who had recently been paid on February 28, 2017.

9. **Status of the Debtor's payroll and sales tax obligation.**

EA has no outstanding sales tax obligations. The federal government claims EA has certain payroll taxes owing, which EA disputes. EA will resolve this dispute in its Chapter 11 case and will pay any amounts found to be due and owing in its Chapter 11 plan.

10. **Anticipated emergency relief to be requested within the first 14 days after the Involuntary Petition Date.**

Although EA does not believe there are any perfected liens on cash, in the abundance of caution, EA intends to file a motion to use cash collateral. In addition, EA intends to file a motion to pay gap wage claims and a utility motion.

**11. The Debtor's strategic objectives for its Chapter 11 case.**

EA intends to resolve any and all issues concerning claims by governmental and other creditors, including any claims to past and future revenue, during this Chapter 11 case and to confirm a Chapter 11 reorganization plan providing for payment upon all claims.

DATED: March 14, 2017  /s/ Tiffany D. Payne

        Elizabeth A. Green, Esq.
        Florida Bar No.: 0600547
        Email: egreen@bakerlaw.com
        Tiffany D. Payne, Esq.
        Florida Bar No.: 0421448
        Email: tpayne@bakerlaw.com
        **BAKER & HOSTETLER LLP**
        200 S. Orange Ave, Suite 2300
        Orlando, FL 32801-3432
        Telephone: (407) 649-4000
        Facsimile: (407) 841-0168
        *Proposed counsel to Eagan Avenatti, LLP*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 14, 2017, a true copy of the foregoing **CHAPTER 11 CASE MANAGEMENT SUMMARY** was filed with the Court using the CM/ECF System which will provide notice of such filing to all parties requesting such notice and/or via U.S. First Class Postage Prepaid Mail to the following: Eagan Avenatti LLP, 520 Newport Center Drive, #1400, Newport Beach, CA 92660 (*Debtor*); Gerald Tobin, 2014 Edgewater Drive, #169, Orlando, FL 32804 (*Petitioning Creditor*); Isaac M. Marcushamer, Esq., Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131.5319 (*a/f Jason Frank Law, PLC*); Internal Revenue Service, Post Office Box 7346, Philadelphia, PA 19101-7346; All Creditors and Parties-In-Interest (*which includes the 20 Largest Unsecured Creditors*) on the matrix attached hereto and filed with the Court; and the Office of the U.S. Trustee, 400 West Washington Street, Suite 1100, Orlando, Florida 32801.

        /s/ Tiffany D. Payne
        Tiffany D. Payne, Esq.

610480927.1

Label Matrix for local noticing
113A-6
Case 6:17-bk-01329-KSJ
Middle District of Florida
Orlando
Tue Mar 14 10:04:41 EDT 2017

Eagan Avenatti LLP
520 Newport Center Drive #1400
New Port Beach, CA 92660-7034

Jason Frank Law, PLC
c/o Isaac M. Marcushamer, Esq.
Berger Singerman LLP
1450 Brickell Avenue
Suite 1900
Miami, FL 33131-5319

Gerald Tobin
2014 Edgewater Drive #169
Orlando, FL 32804-5312

Authentic Entertainment
Properties Development, LLC
c/o Andrew D. Stolper, Esq.
19800 MacArthur Blvd., #855
Irvine, CA 92612-8444

Authentic Entertainment
Properties, LLC
c/o Andrew D. Stolper, Esq.
19800 MacArthur Blvd., #855
Irvine, CA 92612-8444

Baker, Keener & Nahra LLP
633 West Fifth Street
Suite 5400
Los Angeles, CA 90071-2060

California Bank & Trust
PO Box 30833
Salt Lake City, UT 84130-0833

Competition Economics, LLC
2000 Powell Street
Suite 510
Emeryville, CA 94608-1886

David W. Stewart, PhD
13031 Villosa Place
#121
Playa Vista, CA 90094-6500

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Employment Development Dept.
PO Box 989061
West Sacramento, CA 95798-9061

FedEx
PO Box 7221
Pasadena, CA 91109-7321

Filippo Marchino
1910 West Sunset Blvd.
Suite 450
Los Angeles, CA 90026-7118

Green Street Advisors
660 Newport Center Drive
Suite 800
Newport Beach, CA 92660-6409

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

International Personnel
Protection, Inc.
PO Box 92493
Austin, TX 78709-2493

Jams
PO Box 845402
Los Angeles, CA 90084-5402

Jason M. Frank
Frank Sims Stolper, LLP
19800 MacArthur Blvd.
Suite 855
Irvine, CA 92612-8444

Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705-4058

KNJ Ventures
1106-A Broadway
Santa Monica, CA 90401

Norell Consulting, Inc.
218 Catherine Park
Glendora, CA 91741-3017

Personal Court Reporters Inc
14520 Sylvan Street
Van Nuys, CA 91411-2324

Scott Sims
Frank Sims Stolper, LLP
19800 MacArthur Blvd.
Suite 855
Irvine, CA 92612-8444

The Montage Laguna Beach
Finance Dept.
30801 South Coast Highway
Laguna Beach, CA 92651-4221

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Elizabeth A Green +
Baker & Hostetler LLP
200 S Orange Ave
Suntrust Center, Suite 2300
Orlando, FL 32801-3432

Jill E Kelso +
Office of the United States Trustee
400 W. Washington Street
Suite 1100
Orlando, FL 32801-2440

Isaac Marcushamer +
Berger Singerman, PA
1450 Brickell Avenue, 19th Floor
Miami, FL 33131-3444

Audrey M Aleskovsky +
Office of the United States Trustee
George C. Young Federal Building
400 West Washington St, Suite 1100
Orlando, FL 32801-2210

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0039

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Karen S. Jennemann
Orlando

(d)Gerald Tobin
2014 Edgewater Drive
#169
Orlando, FL 32804-5312

(u)Note: Entries with a '+' at the end of the name have an email address on file in CMECF
--------------------------------------------
Note: Entries with a '-' at the end of the name have filed a claim in this case

End of Label Matrix
Mailable recipients   29
Bypassed recipients    3
Total                 32