UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

EAGAN AVENATTI, LLP

Debtor.

CASE NO.: 6:17-bk-01329-KSJ

Chapter 11

*EMERGENCY HEARING REQUESTED ON OR BEFORE MARCH 15, 2017*

DEBTOR-IN-POSSESSION'S EMERGENCY MOTION
FOR AN ORDER AUTHORIZING PAYMENT OF "GAP"
COMPENSATION AND BENEFITS AND DIRECTING FINANCIAL INSTITUTIONS
TO HONOR CHECKS FOR THE PAYMENT OF SAME

*AND*

CERTIFICATE OF NECESSITY
OF REQUEST FOR EMERGENCY HEARING

EAGAN AVENATTI, LLP, ("EA" or "Debtor") through its undersigned proposed counsel, as debtor and debtor-in-possession, files this motion ("Motion") and requests entry of an order authorizing the payment of "gap" compensation and benefits arising in the ordinary course of business for the period from and between March 1, 2017 to March 9, 2017, and directing financial institutions to honor checks for the payment of same. EA states as follows in support:

**JURISDICTION, VENUE AND PROCEDURAL HISTORY**

1. On March 1, 2017 ("Involuntary Petition Date"), an involuntary Chapter 11 petition (Doc. No. 1) was commenced against EA by Gerald Tobin ("Tobin" or "Petitioning Creditor") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Court"). On March 10, 2017, EA filed an Answer and Consent to Entry of Order

for Relief (Doc. No. 10). EA continued to operate its business with the assistance of its employees following the Involuntary Petition Date pursuant to Bankruptcy Code[1] Section 303(f).

2. On March 10, 2017, the Court entered its Order for Relief. (Doc. No. 13). No trustee has been appointed. EA intends to continue to operate its business in the ordinary course as debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. EA focuses on complex class action and tort litigation in state and federal venues throughout the United States, including Florida. The firm has been involved in numerous significant and high-profile legal matters throughout the last ten years. EA's cases are routinely featured in the national and international press, including on national news networks (i.e. CNN) and news magazine shows (i.e. 60 Minutes), as well as in the *New York Times*, *Los Angeles Times*, and *Wall Street Journal*. The firm's most recent appearance on *60 Minutes* was less than one year ago in connection with a large case brought on behalf of healthcare workers harmed by a company's faulty products. Since the formation of the firm, it has been responsible for securing over $400 million in verdicts and settlements on behalf of its clients as lead counsel.

5. By their nature, class action and tort cases do not pay out until litigation is concluded or settled, which often takes several years, during which time EA routinely invests

---

[1] All references to the "Bankruptcy Code" refer to 11 U.S.C. §§ 101 *et seq.*

millions of dollars in investigating claims, conducting discovery, hiring experts and preparing for trial. EA's attorneys and staff provide valuable assistance and support during this time and possess historic knowledge regarding EA's clients and complex cases.

## EMPLOYEES

6.  EA has sixteen [16] employees, seven [7] of whom are attorneys and nine [9] of whom are paraprofessionals and staff. EA's employees serve generally to further and support EA's business. EA's employees are paid twice each month, on the fifteenth [15th] and on the last day of the month. Each payroll is approximately $88,300, including taxes, although the amount can vary due, for example, to overtime. On the Involuntary Petition Date (March 1), EA was current in all payments to its employees, who had recently been paid on February 28, 2017.

7.  EA's employees are next due to be paid on Wednesday, March 15, 2017. This pay period will include a nine [9] day "gap" period commencing March 1, 2017 (the Involuntary Petition Date) and ending on March 10, 2017, the date the Court entered its order for relief (Doc. No. 13). Attached hereto as **Exhibit "A"** is a true and correct list of EA's employees, the gross amounts due to each employee for the gap period, from which all applicable payroll taxes and any employee contributions to benefits will be deducted. The gross total amount EA seeks permission to pay its employees for the labor they provided during the gap period is $51,435.32. None of the employees EA seeks to pay gap wages are "insiders" as that term is defined in 11 U.S.C. § 101(31).

## LAW AND ARGUMENT

8.  The period of time between the filing of an involuntary petition and the subsequent order for relief is colloquially referred to as the "gap" period. Claims arising during this period are referred to as "gap claims." Pursuant to Bankruptcy Code Section 502(f), gap claims are treated as if they had arisen before the petition date, as follows:

In an involuntary case, a claim arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee and the order for relief shall be determined as of the date such claim arises, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition."

9. "Section 502(f) was intended to protect the creditors who deal with an involuntary debtor during the gap period, such as lessors, trade creditors and similar parties, consistent with section 303(f)'s specific grant to the involuntary debtor to conduct its business in ordinary fashion while its status is resolved." *In re Hanson Indus., Inc.*, 90 B.R. 405, 413 (Bankr. D. Minn. 1988) (authorizing payment of employee gap claims because the employees have exhibited a loyalty and have worked diligently to help the debtor through the involuntary gap period) *citing* S.Rep. No. 95–989, 95th Cong., 2d Sess. 65, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5851. Here, with the assistance and support of its loyal employees, EA has been doing exactly that— conducting business in the ordinary course.

10. Bankruptcy courts typically allow the payment of gap claims which arise in the ordinary course of a debtor's business. *E.g., In re Advanced Electronics*, 107 B.R. 503, 504-505 (Bankr. M.D. Pa. 1989) (recognizing that, after an involuntary case is commenced, a business and its employees work hard to alleviate concerns of creditors and other business relations concerning the filing, and "generally spen[d] their time trying to resume normal business operations and relations."). A debtor's "employees, like all other gap creditors, take a risk by continuing their employment with the debtor." Id. Because of this, the claims of gap creditors such as employees are elevated above general unsecured creditors by Bankruptcy Code Section 507(a)(3), which affords such claims priority above other unsecured general claims. *See e.g., In re Howrey LLP*, 534 B.R. 373, 378 (Bankr. N.D. Cal. 2015) (gap claims arising in the ordinary course of a debtor's business are entitled to priority).

11. If EA is not immediately permitted to pay its dedicated employees for their gap period services, employee morale will be harmed. EA obviously needs its employees to continue to serve EA and its clients, and to assist EA in transitioning to its role as debtor in possession operating in the ordinary course of business. To maintain the continuity of EA's operations and to preserve the morale of EA's labor force, it is essential that EA be permitted to pay compensation which has accrued in the gap period.

12. All applicable payroll taxes and related benefits due to EA's employees will be paid concurrently with payment of their gap wages.

13. EA believes it is in the best interest of creditors for the requested payments to be authorized. No employee will have a claim for an amount in excess of $12,850 for the wages earned during the gap period.

WHEREFORE, Eagan Avenatti, LLP, respectfully requests that this Court enter an order: (i) granting its request for an emergency hearing; (ii) granting its Motion for authority to pay prepetition compensation and directing financial institutions to honor checks for the payment of same; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted this 14th day of March, 2017.

DATED: March 14, 2017

/s/ Tiffany D. Payne
Elizabeth A. Green, Esq.
Florida Bar No.: 0600547
Email: egreen@bakerlaw.com
Tiffany D. Payne, Esq.
Florida Bar No.: 0421448
Email: tpayne@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 S. Orange Ave, Suite 2300
Orlando, FL 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 841-0168
*Proposed counsel to Eagan Avenatti, LLP*

## EXHIBIT A

| Initials | Employee Category | Gap Wages (Gross) |
|---|:---:|---:|
| JA | Attorney | $6,496.22 |
| NB | Staff | $1,988.64 |
| JC | Staff | $1,781.82 |
| TC | Staff | $1,577.65 |
| CC | Attorney | $6,098.49 |
| MD | Staff | $954.55 |
| AG | Staff | $1,145.45 |
| MG | Staff | $2,836.36 |
| TG | Attorney | $1,988.64 |
| AI | Attorney | $7,954.55 |
| FM | Attorney | $5,303.03 |
| CO | Staff | $3,500.00 |
| JR | Staff | $4,905.31 |
| DR | Attorney | $1,590.91 |
| KS | Staff | $1,969.70 |
| HW | Staff | $1,344.00 |
| **TOTAL** | | **$51,435.32** |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

EAGAN AVENATTI, LLP                    CASE NO.: 6:17-bk-01329-KSJ

Debtor.                                Chapter 11
_____/

### CERTIFICATION OF NECESSITY
### OF REQUEST FOR EXPEDITED CONSIDERATION

I HEREBY CERTIFY, as a member of the Bar of the Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request a consideration of the matter on an emergency basis.

*I CERTIFY FURTHER that there is a true necessity for expedited consideration, specifically to prevent damage.* **If EA is not permitted to timely pay employee "gap" wage claims, it would harm morale. EA needs its employees to continue to serve EA and its clients as it reorganizes in order to ensure a smooth transition for all involved and maximize the value of EA's assets for the benefit of creditors. EA estimates that approximately 15 minutes will be necessary for a hearing on this Motion.**

I CERTIFY FURTHER that the necessity of this expedited consideration request has not been caused by a lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client. I further certify that this motion is filed with full understanding of Federal Rule of Bankruptcy Procedure 9011 and the consequences of noncompliance with same.

DATED this 14th day of March, 2017.

/s/ Tiffany D. Payne
Tiffany D. Payne, Esquire
407-649-4079

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

EAGAN AVENATTI, LLP             CASE NO.: 6:17-bk-01329-KSJ

      Debtor.                             CHAPTER 11
_____/

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 14, 2017, a copy of the foregoing **DEBTOR-IN-POSSESSION'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING PAYMENT OF "GAP" COMPENSATION AND BENEFITS AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR PREPETITION CHECKS FOR PAYMENT OF SAME AND CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY HEARING** has been filed with the Court using the CM/ECF System which will provide notice of such filing to all parties requesting such notice and/or via U.S. First Class Postage Prepaid Mail to the following: Eagan Avenatti LLP, 520 Newport Center Drive, #1400, Newport Beach, CA 92660 (*Debtor*); Gerald Tobin, 2014 Edgewater Drive, #169, Orlando, FL 32804 (*Petitioning Creditor*); Isaac M. Marcushamer, Esq., Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131.5319 (*a/f Jason Frank Law, PLC*); Internal Revenue Service, Post Office Box 7346, Philadelphia, PA 19101-7346; Employment Development Department, Bankruptcy Unit-MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001; Employment Development Department, Attn: MIC53, 800 Capitol Mail, Sacramento, CA 95814; All Creditors and Parties-In-Interest (*which includes the 20 Largest Unsecured Creditors*) on the matrix attached hereto and filed with the Court; and the Office of the U.S. Trustee, 400 West Washington Street, Suite 1100, Orlando, Florida 32801.

                                                                */s/ Tiffany D. Payne*
                                                                Tiffany D. Payne, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:17-bk-01329-KSJ<br>Middle District of Florida<br>Orlando<br>Tue Mar 14 10:04:41 EDT 2017 | Eagan Avenatti LLP<br>520 Newport Center Drive #1400<br>New Port Beach, CA 92660-7034 | Jason Frank Law, PLC<br>c/o Isaac M. Marcushamer, Esq.<br>Berger Singerman LLP<br>1450 Brickell Avenue<br>Suite 1900<br>Miami, FL 33131-5319 |
| Gerald Tobin<br>2014 Edgewater Drive #169<br>Orlando, FL 32804-5312 | Authentic Entertainment<br>Properties Development, LLC<br>c/o Andrew D. Stolper, Esq.<br>19800 MacArthur Blvd., #855<br>Irvine, CA 92612-8444 | Authentic Entertainment<br>Properties, LLC<br>c/o Andrew D. Stolper, Esq.<br>19800 MacArthur Blvd., #855<br>Irvine, CA 92612-8444 |
| Baker, Keener & Nahra LLP<br>633 West Fifth Street<br>Suite 5400<br>Los Angeles, CA 90071-2060 | California Bank & Trust<br>PO Box 30833<br>Salt Lake City, UT 84130-0833 | Competition Economics, LLC<br>2000 Powell Street<br>Suite 510<br>Emeryville, CA 94608-1886 |
| David W. Stewart, PhD<br>13031 Villosa Place<br>#121<br>Playa Vista, CA 90094-6500 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Employment Development Dept.<br>PO Box 989061<br>West Sacramento, CA 95798-9061 |
| FedEx<br>PO Box 7221<br>Pasadena, CA 91109-7321 | Filippo Marchino<br>1910 West Sunset Blvd.<br>Suite 450<br>Los Angeles, CA 90026-7118 | Green Street Advisors<br>660 Newport Center Drive<br>Suite 800<br>Newport Beach, CA 92660-6409 |
| Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 | International Personnel<br>Protection, Inc.<br>PO Box 92493<br>Austin, TX 78709-2493 | Jams<br>PO Box 845402<br>Los Angeles, CA 90084-5402 |
| Jason M. Frank<br>Frank Sims Stolper, LLP<br>19800 MacArthur Blvd.<br>Suite 855<br>Irvine, CA 92612-8444 | Judicate West<br>1851 East First Street<br>Suite 1600<br>Santa Ana, CA 92705-4058 | KNJ Ventures<br>1106-A Broadway<br>Santa Monica, CA 90401 |
| Norell Consulting, Inc.<br>218 Catherine Park<br>Glendora, CA 91741-3017 | Personal Court Reporters Inc<br>14520 Sylvan Street<br>Van Nuys, CA 91411-2324 | Scott Sims<br>Frank Sims Stolper, LLP<br>19800 MacArthur Blvd.<br>Suite 855<br>Irvine, CA 92612-8444 |
| The Montage Laguna Beach<br>Finance Dept.<br>30801 South Coast Highway<br>Laguna Beach, CA 92651-4221 | United States Trustee - ORL +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Elizabeth A Green +<br>Baker & Hostetler LLP<br>200 S Orange Ave<br>Suntrust Center, Suite 2300<br>Orlando, FL 32801-3432 |
| Jill E Kelso +<br>Office of the United States Trustee<br>400 W. Washington Street<br>Suite 1100<br>Orlando, FL 32801-2440 | Isaac Marcushamer +<br>Berger Singerman, PA<br>1450 Brickell Avenue, 19th Floor<br>Miami, FL 33131-3444 | Audrey M Aleskovsky +<br>Office of the United States Trustee<br>George C. Young Federal Building<br>400 West Washington St, Suite 1100<br>Orlando, FL 32801-2210 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0039

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Karen S. Jennemann
Orlando

(d)Gerald Tobin
2014 Edgewater Drive
#169
Orlando, FL 32804-5312

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
--------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients   29
Bypassed recipients    3
Total                 32