UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                          CASE NO.:  6:17-bk-01329-KSJ

EAGAN AVENATTI LLP,                             Chapter 11

        Debtor.

_____/

## NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*

**PLEASE TAKE NOTICE** that Creditor, Jason Frank Law, PLC ("JFL"), by and through its undersigned counsel, will examine **Filippo Marchino, The X-Law Group, P.C., 1910 W. Sunset Boulevard, Suite 450, Los Angeles, CA 90026** (the "Examinee") under oath on **Friday, May 26, 2017, beginning at 11:30 a.m., or such other date and time as is mutually agreed to, at the offices of Frank Sims Stolper LLP, Newport Gateway, 19800 Macarthur Boulevard, Suite 855, Irvine, CA 92612**.

**The Examinee is directed to produce to the undersigned counsel for JFL, no later than 5:00 p.m. on May 19, 2017, all documents described on the attached Exhibit "1".**

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary.

A copy of the Subpoena commanding the Examinee's attendance and production of documents at the examination is attached hereto as **Exhibit "A."**

7814330-1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 17th day of April, 2017, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, and via first class, U.S. Mail upon all parties listed below.

Respectfully submitted,

BERGER SINGERMAN LLP
*Attorneys for JFL*
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340

By: */s/ Isaac M. Marcushamer*
    Ilyse M. Homer
    Florida Bar No. 826316
    Ihomer@bergersingerman.com
    Isaac M. Marcushamer
    Florida Bar No. 60373
    Imarcushamer@bergersingerman.com

Eagan Avenatti LLP
Attn.:  Michael J. Avenatti, Esq.
520 Newport Center Drive
Ste. 1400
Newport Beach, CA 92660

Filippo Marchino
The X-Law Group, P.C.
1910 W. Sunset Boulevard
Suite 450
Los Angeles, CA 90026

7814330-1

## CM/ECF SERVICE LIST

- Audrey M Aleskovsky    Audrey.M.Aleskovsky@usdoj.gov
- Elizabeth A Green    egreen@bakerlaw.com,
  jdriggers@bakerlaw.com;OrlBakerDocket@bakerlaw.com
- Jill E Kelso    jill.kelso@usdoj.gov
- Isaac Marcushamer    imarcushamer@bergersingerman.com,
  fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Tiffany D Payne    tpayne@bakerlaw.com,
  OrlBakerDocket@bakerlaw.com;smccoy@bakerlaw.com;jdriggers@bakerlaw.com;egree
  n@bakerlaw.com
- United States Trustee - ORL    USTP.Region21.OR.ECF@usdoj.gov

7814330-1

# EXHIBIT "1"

7814330-1

## DEFINITIONS AND INSTRUCTIONS

As used in this request, the following words shall have their common meanings and shall include the meanings indicated:

A.    "Request" or "Requests" means the Document Requests listed below.

B.    "You" and "Your" mean Filippo Marchino, and includes any and all agents, employees, attorneys and any other person or entity acting or purporting to act on your behalf.

C.    "Debtor" means Eagan Avenatti LLP, the Debtor in the above-referenced chapter 11 bankruptcy case, and each of its partners and employees, including but not limited to Michael Avenatti, Michael Eagan, John Arden, Natalia Bonilla, James Cameron, Thomas Cassaro, Carlos Colorado, Michael Diaz, Alredo Garcia, Maria Garcia, Thomas Gray, Ahmed Ibrahim, Filippo Marchino, Christopher Ohman, Judy Regnier, Damon Rogers, Katherine Mosby (Sneedon), and Hillary Wolett.

D.    "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "Documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any Document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained.  Copies of Documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals

7814330-1

or copies of the originals if the originals are not available, shall be considered to be separate documents.

"Documents" shall also include all electronically stored information (hereinafter "ESI") including but not limited to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB), Word Processed Documents (e.g., Word or WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets), Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files; and Backup and Archival Files (e.g., Veritas, Zip, .GHO). Your search for ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary software and inactive or unused computer disc storage areas.

The meaning of "Documents" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure, but is not intended and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond that required by the Federal Rules of Civil Procedure.

E.    "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

7814330-1

F.      "Concerning" shall mean, directly or indirectly, regarding, relating to, referring to, reflecting, mentioning, describing, pertaining to, and/or arising out of or in connection with or in any way legally, logically, or factually being connected with the matter discussed.

G.      As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall <u>not</u> be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

H.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

I.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall <u>not</u> be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

J.      If You assert that any document called for by a Request is protected against disclosure on the grounds of the attorney work product doctrine or by the attorney-client privilege, or any other assertion of privilege, You must provide the following information with respect to such document:

1.      the name and capacity of the person or persons who prepared the documents;

2.      the name and capacity of all addresses or recipients of the original or copies thereof;

3.      the date, if any, borne by the document;

4.      a brief description of its subject matter and physical size;

5.      the source of the factual information from which such document was prepared; and

6.      the nature of the privilege claimed.

7

K.      You must produce all Documents within Your possession, care, custody or control that are responsive to any of these Requests. A Document is deemed within Your care, custody or control if You have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

L.      All Documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

M.      Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format or another electronic format that does not diminish the accessibility or searchability of the information.

N.      Each hard copy Document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive. If any Document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced

O.      All Documents that respond, in whole or in part, to any part or clause of any paragraph of these Requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of Documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if You indicate the Persons or group of Persons to whom such Documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the Documents called for by each paragraph in a separate file folder or other enclosure marked with Respondents' name and the paragraph to which such Documents respond, and if any Document is responsive to more than one Request, indicate each Request to which it responds.

P.      If You at any time had possession, custody or control of a Document called for under these Requests and if such Document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the Document, the date of its loss,

destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

## DOCUMENT REQUESTS

The Definitions that are set forth above are expressly incorporated by reference and made a part of each of the specific Requests that follow.

1.    Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by Eagan Avenatti LLP to the X-Law Group, including but not limited to the alleged $17 million debt referenced in Eagan Avenatti LLP's bankruptcy schedules. .

2.    Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by the X-Law Group to Eagan Avenatti LLP.

3.    Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by Eagan Avenatti LLP to you.

4.    Any and all documents and communications between you and Eagan Avenatti LLP related to professional services rendered by the X-Law Group to Eagan Avenatti LLP for the period February 28, 2013 to the present.

5.    Any and all documents evidencing all business relationships between Eagan Avenatti LLP and the X-Law Group.

6.    Any and all documents evidencing all business relationships between you and Eagan Avenatti LLP.

7.    Any and all documents evidencing all business relationships between you and Michael J. Avenatti.

7814330-1

8.    Any and all documents evidencing all business relationships between the X-Law Group and Michael J. Avenatti.

9.    Any and all documents evidencing all business relationships between Global Barista US LLC and the X-Law Group.

10.    Any and all documents evidencing all business relationships between Global Barista US LLC and the X-Law Group.

11.    Any and all documents evidencing all business relationships between the X-Law Group and GB Autosport, LLC.

12.    Any and all documents evidencing all business relationships between the X-Law Group and Avenatti & Associates.

13.    Any and all documents evidencing all business relationships between you and Avenatti & Associates.

14.    Any and all documents evidencing all business relationships between the X-Law Group and any other entity in which Michael J. Avenatti LLP is an owner or principal.

15.    Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by the Eagan Avenatti LLP to you.

7814330-1

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

CASE NO.:  6:17-bk-01329-KSJ

EAGAN AVENATTI LLP,

Chapter 11

Debtor.

_____/

## SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

To:   Filippo Marchino
c/o The X-Law Group, P.C.
1910 W. Sunset Boulevard, Suite 450
Los Angeles, CA 90026

**[XXX]** *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date and place set forth below to and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1, at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| **Frank Sims Stolper LLP**<br>**Newport Gateway**<br>**19800 Macarthur Boulevard, Suite 855**<br>**Irvine, CA 92612** | **Friday, May 26, 2017 at 11:30 a.m.** |

The examination will be recorded by this method: Court Reporter

**[XXX]** *Production:* You, or your representatives, must also produce all documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material identified on the attached **Exhibit "1"**, to counsel for Creditor, Jason Frank Law, PLC, **no later than 5:00 p.m. on May 19, 2017**.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 14, 2017.

Clerk of Court

OR

Isaac M. Marcushamer, Esq., FBN 826316

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's Signature

7812306-1

The name, address, email address, and telephone number of the attorney representing Creditor, Jason Frank Law, PLC, who issues or requests this subpoena are: Isaac M. Marcushamer, Esq., Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; (305) 755-9500.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

7812306-1

## PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any):
_____ on (date) _____ .


☐   I served the subpoena by delivering a copy to the named person as follows:

_____
_____ on (date) _____ ; or


☐   I returned the subpoena unexecuted because:

_____
——

  Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.


Date: _____

        _____
        Server's signature

        _____
        Printed name and title

        _____
        Server's address


Additional information concerning attempted service, etc.:

7812306-1

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# EXHIBIT "1"

## DEFINITIONS AND INSTRUCTIONS

As used in this request, the following words shall have their common meanings and shall include the meanings indicated:

A.   "Request" or "Requests" means the Document Requests listed below.

B.   "You" and "Your" mean Filippo Marchino, and includes any and all agents, employees, attorneys and any other person or entity acting or purporting to act on your behalf.

C.   "Debtor" means Eagan Avenatti LLP, the Debtor in the above-referenced chapter 11 bankruptcy case, and each of its partners and employees, including but not limited to Michael Avenatti, Michael Eagan, John Arden, Natalia Bonilla, James Cameron, Thomas Cassaro, Carlos Colorado, Michael Diaz, Alredo Garcia, Maria Garcia, Thomas Gray, Ahmed Ibrahim, Filippo Marchino, Christopher Ohman, Judy Regnier, Damon Rogers, Katherine Mosby (Sneedon), and Hillary Wolett.

D.   "Documents" shall mean the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever.   Without limiting the generality of the foregoing, "Documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any Document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained.   Copies of Documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals

or copies of the originals if the originals are not available, shall be considered to be separate documents.

"Documents" shall also include all electronically stored information (hereinafter "ESI") including but not limited to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media, including Digital Communications (e.g., e-mail, voice mail, instant messaging, chats, tweets, blog posts, social media posts, comments, etc.), E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB), Word Processed Documents (e.g., Word or WordPerfect files and drafts), Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets), Accounting Application Data (e.g., QuickBooks, Money, Peachtree data), Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images), Sound Recordings (e.g., .WAV and .MP3 files), Video and Animation (e.g., .AVI and .MOV files), Databases (e.g., Access, Oracle, SQL Server data, SAP, other), Contact and Relationship Management Data (e.g., Outlook, ACT!), Calendar and Diary Application Data (e.g., Outlook PST, blog entries), Online Access Data (e.g., Temporary Internet Files, History, Cookies), Presentations (e.g., PowerPoint, Corel Presentations), Network Access and Server Activity Logs, Project Management Application Data, Computer Aided Design/Drawing Files; and Backup and Archival Files (e.g., Veritas, Zip, .GHO). Your search for ESI shall include all of computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, mobile devices, smart phones, tablets, proprietary software and inactive or unused computer disc storage areas.

The meaning of "Documents" shall be construed as broadly as permitted by the Federal Rules of Civil Procedure, but is not intended and shall not be interpreted to expand upon or enlarge the responding party's obligations beyond that required by the Federal Rules of Civil Procedure.

E.    "Communications" shall mean any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

F.     "Concerning" shall mean, directly or indirectly, regarding, relating to, referring to, reflecting, mentioning, describing, pertaining to, and/or arising out of or in connection with or in any way legally, logically, or factually being connected with the matter discussed.

G.     As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall <u>not</u> be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

H.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

I.     Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall <u>not</u> be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

J.     If You assert that any document called for by a Request is protected against disclosure on the grounds of the attorney work product doctrine or by the attorney-client privilege, or any other assertion of privilege, You must provide the following information with respect to such document:

1.     the name and capacity of the person or persons who prepared the documents;

2.     the name and capacity of all addresses or recipients of the original or copies thereof;

3.     the date, if any, borne by the document;

4.     a brief description of its subject matter and physical size;

5.     the source of the factual information from which such document was prepared; and

6.     the nature of the privilege claimed.

K.     You must produce all Documents within Your possession, care, custody or control that are responsive to any of these Requests.  A Document is deemed within Your care, custody or

control if You have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

L.    All Documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

M.    Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format or another electronic format that does not diminish the accessibility or searchability of the information.

N.    Each hard copy Document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive.  If any Document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced

O.    All Documents that respond, in whole or in part, to any part or clause of any paragraph of these Requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of Documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if You indicate the Persons or group of Persons to whom such Documents were distributed.  Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the Documents called for by each paragraph in a separate file folder or other enclosure marked with Respondents' name and the paragraph to which such Documents respond, and if any Document is responsive to more than one Request, indicate each Request to which it responds.

P.    If You at any time had possession, custody or control of a Document called for under these Requests and if such Document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the Document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

## DOCUMENT REQUESTS

The Definitions that are set forth above are expressly incorporated by reference and made a part of each of the specific Requests that follow.

1.      Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by Eagan Avenatti LLP to the X-Law Group, including but not limited to the alleged $17 million debt referenced in Eagan Avenatti LLP's bankruptcy schedules. .

2.      Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by the X-Law Group to Eagan Avenatti LLP.

3.      Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by Eagan Avenatti LLP to you.

4.      Any and all documents and communications between you and Eagan Avenatti LLP related to professional services rendered by the X-Law Group to Eagan Avenatti LLP for the period February 28, 2013 to the present.

5.      Any and all documents evidencing all business relationships between Eagan Avenatti LLP and the X-Law Group.

6.      Any and all documents evidencing all business relationships between you and Eagan Avenatti LLP.

7.      Any and all documents evidencing all business relationships between you and Michael J. Avenatti.

8.      Any and all documents evidencing all business relationships between the X-Law Group and Michael J. Avenatti.

7812306-1

9.      Any and all documents evidencing all business relationships between Global Barista US LLC and the X-Law Group.

10.     Any and all documents evidencing all business relationships between Global Barista US LLC and the X-Law Group.

11.     Any and all documents evidencing all business relationships between the X-Law Group and GB Autosport, LLC.

12.     Any and all documents evidencing all business relationships between the X-Law Group and Avenatti & Associates.

13.     Any and all documents evidencing all business relationships between you and Avenatti & Associates.

14.     Any and all documents evidencing all business relationships between the X-Law Group and any other entity in which Michael J. Avenatti LLP is an owner or principal.

15.     Any and all documents and communications between you and Eagan Avenatti LLP related to any monies owed by the Eagan Avenatti LLP to you.

**Production of Electronically Stored Information (ESI)**
**FORM OF PRODUCTION**

Creditor, Jason Frank Law, PLC requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with **ALL** native files provided and word searchable OCR/extracted text (Optical Character Recognized – i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES** – contains the TIF and JPG files, up to 10,000 items.
**DATA** – contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** – contains all the original native files named as the BEGDOC
**TEXT** – contains the document-level OCR/Extracted text files named as the BEGDOC

| Eclipse Metadata Field | Field Description |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegAttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| CC | CC (Name + email) |
| Companies | Company name |

| Custodian | Custodian (Last, First) |
|---|---|
| DateCreated | Date created (MM/DD/YYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent  (MM/DD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name + email) |
| Hash_Code | MD5 hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password_Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD, hard drive; brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xls (Excel), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| Excel_Comments | Comments |
|---|---|
| Excel_HiddenColumns | Hidden Columns |
| Excel_HiddenRows | Hidden Rows |
| Excel_HiddenWorksheets | Hidden Worksheets |
| Num_Lines | Number of lines |
| Num_Paragraphs | Number of paragraphs |
| Num_slides | Number of slides |
| Num_Notes | Number of notes |
| Num_HiddenSlides | Number of hidden slides |
| Num_Multimedia | Number of multimedia clips |
| Security | Security |