UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: CASE NO.: 6:17-bk-01329-KSJ

EAGAN AVENATTI LLP, Chapter 11

Debtor.
_________________________________________/

**NOTICE OF ISSUANCE OF SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

Creditor, Jason Frank Law, PLC ("Creditor"), by and through its undersigned counsel, hereby notifies the Debtor and other interested parties, that pursuant to Fed. R. Bankr. P. 9016, made applicable herein pursuant to Fed. R. Civ. P. Rule 45, Creditor has issued and intends to serve the attached Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case upon i) The Peoples Bank, Biloxi, Mississippi; and ii) California Bank & Trust, seeking the production of the materials described on the respective Schedules A thereto.

Respectfully submitted,

BERGER SINGERMAN LLP
Attorneys for JFL
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Tel. (305) 755-9500
Fax (305) 714-4340

By: /s/ *Isaac M. Marcushamer*
Ilyse M. Homer
Florida Bar No. 826316
Ihomer@bergersingerman.com
Isaac M. Marcushamer
Florida Bar No. 60373
Imarcushamer@bergersingerman.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the 21st day of April, 2017, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, and via first class, U.S. Mail upon all parties listed below.

By: /s/ *Isaac M. Marcushamer*
Isaac M. Marcushamer

Eagan Avenatti LLP
Attn.: Michael J. Avenatti, Esq.
520 Newport Center Drive
Ste. 1400
Newport Beach, CA 92660

**CM/ECF SERVICE LIST**

- Audrey M Aleskovsky Audrey.M.Aleskovsky@usdoj.gov
- Elizabeth A Green egreen@bakerlaw.com, jdriggers@bakerlaw.com;OrlBakerDocket@bakerlaw.com
- Jill E Kelso jill.kelso@usdoj.gov
- Isaac Marcushamer imarcushamer@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Tiffany D Payne tpayne@bakerlaw.com, OrlBakerDocket@bakerlaw.com;smccoy@bakerlaw.com;jdriggers@bakerlaw.com;egreen@bakerlaw.com
- United States Trustee - ORL USTP.Region21.OR.ECF@usdoj.gov

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 6:17-bk-01329-KSJ |
| EAGAN AVENATTI LLP, | Chapter 11 |
| Debtor. | |

_______________________________________/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

To: **The Peoples Bank, Biloxi, Mississippi**
**Attn.: Chevis C. Swetman, President and Chief Executive Officer**
**152 Lameuse Street**
**Biloxi, MS 39530-4214**

[**XXX**] ***Production:*** YOU ARE COMMANDED to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED SCHEDULE "A"**

| PLACE: | DATE AND TIME |
|---|---|
| **Berger Singerman LLP**<br>**Attn.: Isaac M. Marcushamer, Esq.**<br>**1450 Brickell Avenue, Suite 1900**<br>**Miami, FL 33131** | **Wednesday, May 17, 2017, no later than 5:00 p.m. (EDT)** |

[ ] ***Inspection of Premises:*** YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 21, 2017.

| | | |
|---|---|---|
| Clerk of Court | OR | Isaac M. Marcushamer, Esq.<br>FBN: 826316 |
| ______________________________<br>Signature of Clerk or Deputy Clerk | | ______________________________<br>Attorney's Signature |

The name, address, email address, and telephone number of the attorney representing Creditor, Jason Frank Law, PLC, who issues or requests this subpoena are: Isaac M. Marcushamer, Esq., Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; (305) 755-9500.

**NOTICE TO THE PERSON WHO ISSUES OR REQUESTS THIS SUBPOENA**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________

__________________________________________________________________________________________

___________________________________ ____________________
; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________

__________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________.

My fees are $ _________for travel and $__________for services, for a total of $__________.

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) these acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE "A"**
**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to this Request:

a. "You", "Your" as used herein means The Peoples Bank, Biloxi, Mississippi, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on your behalf.

b. "Peoples Bank" means The Peoples Bank, Biloxi, Mississippi.

c. "Eagan Avenatti" means Eagan Avenatti LLP, the Debtor in the above-captioned chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Middle District of Florida, Case No. 17-01329-KSJ.

d. "Communications" means any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes transfer of data from one location to another by electronic or similar means.

e. "Documents" means the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

f. "Documents" also include all electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the Requests listed below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software and inactive or unused computer disc storage areas.

g. "Documents" and "Communications" include all computer stored data, including but not limited to email(s) and any related attachments, database files, word files, spreadsheets, presentations, and accounting data computer hard drives, floppy discs, compact discs, backup

and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software and inactive or unused computer disc storage areas and shall be produced electronically on external hard disks, compact disks or other data compilations which relate to the categories of documents requested below.

h. "Person" means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

i. "Related to" means directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

j. The conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

k. Any company, corporation, or corporate entity referred to includes all officers, directors, members, employees, agents, and attorneys acting, or purporting to act, on its behalf.

l. Any pronouns include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

m. If you contend that you are entitled to withhold any responsive document(s) on the basis of privilege or other grounds, for each and every such document specify:

i. The type or nature of the document;

ii. The general subject matter of the document;

iii. The date of the document;

iv. The author, addressee, and any other recipient(s) of the document; and

v. The basis on which you contend you are entitled to withhold the document.

n. If you assert that any document called for by this request is protected against disclosure as the attorney's work product doctrine or by the attorney-client privilege, you shall provide the following information with respect to such document:

i. the name and capacity of the person or persons who prepared the documents;

ii. the name and capacity of all addresses or recipients of the original or copies thereof;

iii. the date, if any, borne by the document;

iv. the source of the factual information from which such document was prepared;

v. a brief description of its subject matter and physical size; and

vi. the nature of the privilege claimed.

o. You must produce all documents within your case, custody or control that are responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

p. If you at any time had possession, custody or control of a document called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

q. All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

r. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

s. Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format unless otherwise agreed. In producing Documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a form that does not require specialized or proprietary hardware or software.

t. It is requested that all ESI be produced as native files and single-page TIFF images with corresponding load files. Each image and native file shall be produced along with its corresponding metadata and extracted text.

u. Each hard copy Document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive. If any Document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced.

v. All Documents that respond, in whole or in part, to any part or clause of any paragraph of these Requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of Documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if You indicate the Persons or group of Persons to whom such Documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the Documents called for by each paragraph in a separate file folder or other enclosure marked with Respondents' name and the paragraph to which such Documents respond, and if any Document is responsive to more than one Request, indicate each Request to which it responds.

w. If you at any time had possession, custody or control of a Document called for under these Requests and if such Document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the Document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

## DOCUMENT REQUESTS

1. Any and all Documents and Communications between You and Eagan Avenatti.

2. Any and all Documents regarding the UCC Financing Statement dated January 2, 2015, attached hereto as **Exhibit "A"**, including, but not limited to, any loan documents, mortgages, security agreements, or any amendments thereto.

3. All documents evidencing all payments made by Eagan Avenatti, Michael J. Avenatti, Michael Eagan, or any other person or entity who made payments on account of the indebtedness owed to People Bank by Eagan Avenatti, in connection with the UCC Financing Statement attached hereto as Exhibit "A", including, but not limited to, wire transfer receipts, copies of checks, money orders or other forms of payment.

**SCHEDULE "B"**
**Production of Electronically Stored Information (ESI)**
**FORM OF PRODUCTION**

Jason Frank Law, PLC, requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with **ALL** native files provided and word searchable OCR/extracted text (Optical Character Recognized – i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES** – contains the TIF and JPG files, up to 10,000 items.
**DATA** – contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** – contains all the original native files named as the BEGDOC
**TEXT** – contains the document-level OCR/Extracted text files named as the BEGDOC

| **Eclipse Metadata Field** | **Field Description** |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegAttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |

| | |
|---|---|
| CC | CC (Name + email) |
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DD/YYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MM/DD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name + email) |
| Hash_Code | MD5 hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password_Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD, hard drive; brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xls (**Excel**), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| | |
|---|---|
| Excel_Comments | Comments |
| Excel_HiddenColumns | Hidden Columns |
| Excel_HiddenRows | Hidden Rows |
| Excel_HiddenWorksheets | Hidden Worksheets |
| Num_Lines | Number of lines |
| Num_Paragraphs | Number of paragraphs |
| Num_slides | Number of slides |
| Num_Notes | Number of notes |
| Num_HiddenSlides | Number of hidden slides |
| Num_Multimedia | Number of multimedia clips |
| Security | Security |

# **EXHIBIT "A"**

[redacted]

15-7443801932

01/02/2015 17:00

FILED

CALIFORNIA SECRETARY OF STATE

SOS

46577090002 UCC 1 FILING

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

# 3516

A. NAME & PHONE OF CONTACT AT FILER (optional)

SHIRLEY CADDELL (228) 435-5511 #8329

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

The Peoples Bank, Biloxi, Mississippi
Loan Operations
PO Box 487
Biloxi, MS 39533-0487

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME: EAGAN AVENATTI, LLP | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX | |
| 1c. MAILING ADDRESS: 450 Newport Center Drive, Second Floor | CITY: Newport Beach | STATE: CA | POSTAL CODE: 92660 | COUNTRY: USA | |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY) Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME: The Peoples Bank, Biloxi, Mississippi | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS: 152 Lameuse Street | CITY: Biloxi | STATE: MS | POSTAL CODE: 39530-4214 | COUNTRY: USA |

4. COLLATERAL: This financing statement covers the following collateral:

**Assignment of the First $500,000 Plus Interest of Settlement Proceeds in the Meridian related cases, said attorney's fees to be $10.8 million plus out of pocket costs for class counsel Eagan Avenatti, LLP; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing.**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
LN # 42741022

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: CASE NO.: 6:17-bk-01329-KSJ

EAGAN AVENATTI LLP, Chapter 11

Debtor.
_______________________________________/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE**

To: **California Bank & Trust**
**Attn.: David Blackford, President/Chief Executive Officer/Chairman**
**11622 El Camino Real**
**Suite 200**
**San Diego, CA 92130**

[**XXX**] ***Production:*** YOU ARE COMMANDED to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED SCHEDULE "A"**

| PLACE: | DATE AND TIME |
|---|---|
| **Berger Singerman LLP**<br>**Attn.: Isaac M. Marcushamer, Esq.**<br>**1450 Brickell Avenue, Suite 1900**<br>**Miami, FL 33131** | **Wednesday, May 17, 2017, no later than 5:00 p.m. (EDT)** |

[ ] ***Inspection of Premises:*** YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 21, 2017.

Clerk of Court

OR

Isaac M. Marcushamer, Esq.
FBN: 826316

_______________________________
Signature of Clerk or Deputy Clerk

_______________________________
Attorney's Signature

The name, address, email address, and telephone number of the attorney representing Creditor, Jason Frank Law, PLC, who issues or requests this subpoena are: Isaac M. Marcushamer, Esq., Berger Singerman LLP, 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; (305) 755-9500.

**NOTICE TO THE PERSON WHO ISSUES OR REQUESTS THIS SUBPOENA**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____ on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________

________________________________________________________________________________

____________________________________ ____________________

; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________

________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________.

My fees are $ _________for travel and $__________for services, for a total of $__________.

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) these acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt
a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE "A"**
**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to this Request:

a. "You", "Your" as used herein means California Bank & Trust, and includes any and all agents, employees, servants, officers, directors, attorneys and any other person or entity acting or purporting to act on your behalf.

b. "CB&T" means California Bank & Trust.

c. "Eagan Avenatti" means Eagan Avenatti LLP, the Debtor in the above-captioned chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Middle District of Florida, Case No. 17-01329-KSJ.

d. "Communications" means any oral or written statement, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between persons by means of documents and includes transfer of data from one location to another by electronic or similar means.

e. "Documents" means the original or copies of any tangible written, typed, printed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copied or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including inter-office and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, notes or memorandum attached to or to be read with any document, booklets, books, drawings, graphs, charts, photographs, phone records, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents, which are not identical duplications of the originals or which contain additions to or deletions from the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

f. "Documents" also include all electronic data storage documents including but not limited to e-mails and any related attachments, electronic files or other data compilations which relate to the Requests listed below. Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software and inactive or unused computer disc storage areas.

g. "Documents" and "Communications" include all computer stored data, including but not limited to email(s) and any related attachments, database files, word files, spreadsheets, presentations, and accounting data computer hard drives, floppy discs, compact discs, backup

and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software and inactive or unused computer disc storage areas and shall be produced electronically on external hard disks, compact disks or other data compilations which relate to the categories of documents requested below.

h. "Person" means any natural person or any entity, including, without limitation, any individual, firm, corporation, company, joint venture, trust, tenancy, association, partnership, business, agency, department, bureau, board, commission, or any other form of public, private or legal entity. Any reference herein to any public or private company, partnership, association, or other entity include such entity's subsidiaries and affiliates, as well as the present and former directors, officers, employees, attorneys, agents and anyone acting on behalf of, at the direction of, or under the control of the entity, its subsidiaries or its affiliates.

i. "Related to" means directly or indirectly, refer to, reflect, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually be connected with the matter discussed.

j. The conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall <u>not</u> be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

k. Any company, corporation, or corporate entity referred to includes all officers, directors, members, employees, agents, and attorneys acting, or purporting to act, on its behalf.

l. Any pronouns include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, singular or plural, and shall <u>not</u> be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

m. If you contend that you are entitled to withhold any responsive document(s) on the basis of privilege or other grounds, for each and every such document specify:

i. The type or nature of the document;

ii. The general subject matter of the document;

iii. The date of the document;

iv. The author, addressee, and any other recipient(s) of the document; and

v. The basis on which you contend you are entitled to withhold the document.

n. If you assert that any document called for by this request is protected against disclosure as the attorney's work product doctrine or by the attorney-client privilege, you shall provide the following information with respect to such document:

i. the name and capacity of the person or persons who prepared the documents;

ii. the name and capacity of all addresses or recipients of the original or copies thereof;

iii. the date, if any, borne by the document;

iv. the source of the factual information from which such document was prepared;

v. a brief description of its subject matter and physical size; and

vi. the nature of the privilege claimed.

o. You must produce all documents within your case, custody or control that are responsive to any of these requests. A document is deemed within your care, custody or control if you have the right or ability to secure the document or a copy thereof from any other person having physical possession thereof.

p. If you at any time had possession, custody or control of a document called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

q. All documents produced pursuant hereto are to be produced as they are kept in the usual course of business and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

r. When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

s. Production of Electronically Stored Information ("ESI") or any electronically stored data shall be in native format unless otherwise agreed. In producing Documents consisting of electronically stored data in machine-readable form in response to any Request, provide such data in a form that does not require specialized or proprietary hardware or software.

t. It is requested that all ESI be produced as native files and single-page TIFF images with corresponding load files. Each image and native file shall be produced along with its corresponding metadata and extracted text.

u. Each hard copy Document is to be produced, with all non-identical copies and drafts thereof, in its entirety, without alteration, abbreviation or reduction and shall be produced either in the manner they are kept in the usual course of business or organized to correspond with the Request to which they are responsive. If any Document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the Document that are not being produced.

v. All Documents that respond, in whole or in part, to any part or clause of any paragraph of these Requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of Documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if You indicate the Persons or group of Persons to whom such Documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the Documents called for by each paragraph in a separate file folder or other enclosure marked with Respondents' name and the paragraph to which such Documents respond, and if any Document is responsive to more than one Request, indicate each Request to which it responds.

w. If you at any time had possession, custody or control of a Document called for under these Requests and if such Document has been lost, destroyed, purged, or is not presently in your possession, custody or control, you shall describe the Document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

## DOCUMENT REQUESTS

1. All bank account records, including, but not limited to, account statements, checks, canceled checks, deposit slips, outgoing wire receipts, incoming wire receipts, and credit and debit receipts, relating to any account(s) in the name of Eagan Avenatti LLP, including but not limited to account numbers ending with 2851 and 7849, for the period of February 28, 2013 through the present.

2. Copies of any and all loan documents, mortgages, security agreements or other documents evidencing any loan between CB&T and Eagan Avenatti LLP, for the period of February 28, 2013 through the present.

**SCHEDULE "B"**
**Production of Electronically Stored Information (ESI)**
**FORM OF PRODUCTION**

Jason Frank Law, PLC, requests that all ESI (electronically stored information) be produced as follows:

ESI will be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIF) files in single-page format, with **ALL** native files provided and word searchable OCR/extracted text (Optical Character Recognized – i.e. searchable text) in UTF-8 format. Color photographs should be produced as color JPEG images. Email natives will be delivered in MSG or EML format. Load files will be provided in Opticon (.OPT) format and an IPRO LFP (.lfp) format. Metadata will be provided in a DAT file with standard Concordance delimiters. The text files containing the OCR/Extracted Text shall be produced in multi-page format with the name corresponding to its associated document. **All small and oversized images should be resized to fit on 8.5x11 canvas.**

The files should be delivered with the following folder structure:

**IMAGES** – contains the TIF and JPG files, up to 10,000 items.
**DATA** – contains the OPT and LFP files and the metadata text file (DAT)
**NATIVES** – contains all the original native files named as the BEGDOC
**TEXT** – contains the document-level OCR/Extracted text files named as the BEGDOC

| **Eclipse Metadata Field** | **Field Description** |
|---|---|
| BegDoc | BegDoc |
| EndDoc | EndDoc |
| BegAttach | BegAttach |
| EndAttach | EndAttach |
| Application | Application/Application Name |
| AttachmentIDs | Bates numbers of attachment(s) |
| Attachments | Names of attachment files |
| AttachRange | Attachment Range |
| Authors | Document author |
| BCC | BCC (Name + email) |
| CC | CC (Name + email) |

| | |
|---|---|
| Companies | Company name |
| Custodian | Custodian (Last, First) |
| DateCreated | Date created (MM/DD/YYYY) |
| DateReceived | Date email received (MM/DD/YYYY) |
| DateSaved | Date last saved (MM/DD/YYYY) |
| DateSent | Date email sent (MM/DD/YYYY) |
| Doctitle | Title |
| FileType | Document Type Description |
| FileExtension | File extension |
| Doclink | Link to native files produced |
| ExtractedText | Link to text files produced |
| Filename | Original filename |
| FileSize | File size in bytes |
| Folder | Relative Path (Inbox, Sent, etc.) |
| From | Sender (Name + email) |
| Hash_Code | MD5 hash |
| Header | Email header |
| InternetMSGID | IntMsgID |
| MessageID | MsgID |
| NumAttachments | Attachment count |
| NumPages | Page count |
| ParentID | Parent bates number |
| Password_Protect | Y/N field |
| Read | Y/N |
| SHA1 | SHA1 hash |
| Sources | CD, DVD, hard drive; brief desc. of data |
| StoreID | Name of PST/NSF file (if relevant) |
| Subject | Email/Document subject |
| TimeReceived | Time email received (12-hour HH:MM) |
| TimeSent | Time email sent (12-hour HH:MM) |
| To | To (Name + email) |

**For .xls (**Excel**), .ppt (PowerPoint), and .doc (Word) files** the following additional metadata fields should be included:

| | |
|---|---|
| Excel_Comments | Comments |
| Excel_HiddenColumns | Hidden Columns |
| Excel_HiddenRows | Hidden Rows |
| Excel_HiddenWorksheets | Hidden Worksheets |
| Num_Lines | Number of lines |
| Num_Paragraphs | Number of paragraphs |
| Num_slides | Number of slides |
| Num_Notes | Number of notes |
| Num_HiddenSlides | Number of hidden slides |
| Num_Multimedia | Number of multimedia clips |
| Security | Security |